John H. Farnham, J.
This is a proceeding under article 78 of the Civil Practice Act, pursuant to section 267 of the Town Law for a review of the decision of the Zoning Board of Appeals of the Town of Westmoreland, which directed the issuance to the respondents Morrison of a permit for the reconstruction of a building practically destroyed by fire.
It appears that prior to the adoption in 1958 by the Town Board of Westmoreland of a Zoning Ordinance, the respondents Morrison owned and operated a migrant labor camp for some years. The camp consisted of seven buildings. The 1958 Zoning Ordinance created in the area in which the migrant labor camp was situated a residential area, with the result *851 that the camp continued under a nonconforming use. In December, 1961, the main building in the camp, which was the living quarters, was partially destroyed by fire. It has been stipulated by counsel that more than 50% of the building was destroyed in the fire.
In March, 1962, the respondents [Morrison] were denied a permit to reconstruct the damaged building by the Town Building Superintendent and thereafter they appealed from that ruling to the Zoning Board of Appeals in said town. Following two hearings, both public, at which extensive testimony was taken, the Zoning Board of Appeals directed the issuance of the permit to the respondents and filed both original and supplemental decisions explaining the basis of their action.
The petitioners who are property owners in the area of the camp attack the ruling of the Board of Zoning Appeals as being illegal, arbitrary and capricious and on other grounds. The court will consider the points of petitioners one at a time.
Section 14 of the Zoning Ordinance in question states so far as is pertinent to this motion as follows:
Section 14 — “Non Conforming Uses”, at page 14, paragraph 2, nonconforming use of buildings other than one-family residences: “ Paragraph (0) restoration. No nonconforming building, other than one-family residences, damaged by fire, structural failure, wind, exposure or other natural cause to the extent of 50% or more of its real value at the time of such damage shall be repaired or rebuilt except in conformity with the provisions of this Ordinance.”
Section 2 of said ordinance insofar as pertinent to the motion states as follows, under Definitions at page 1: “ Words used in the present tense include the future, and the plural includes the singular ”. (Italics supplied.)
The first question to be determined is whether the Board of Zoning Appeals was empowered as it did, to construe the word “ building ” as it appears in section 14 of the Zoning Ordinance to mean the plural so as to consider all seven buildings as a unit and therefore since the six remaining buildings not destroyed by fire still constitute more than 50% of the value (even though the one destroyed by fire was more than 50% destroyed) grant the permit on the ground that as a unit there was not a 50% destruction of the whole.
The court believes the Board of Zoning Appeals had a legal right to construe the word building in the plural. This migrant labor camp antedated the Zoning Ordinance. The size, shape, dimensions and number of buildings constituting the camp are *852 mandated by the Department of Health and the State of New York. This fact apparently is not disputed by the petitioners.
Section 17-B-3 of the Zoning Ordinance in question states as follows, at page 18 — “ Variances on Appeal ”. “ Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this Ordinance, the Board of Appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of this Ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done.”
The court believes the aforesaid provision of the Zoning Ordinance in question grants to the board the power and authority to act as it did in construing the word ‘£ building ’ ’ under sections 14 and 2 (supra) of the ordinance. The court is of the further opinion that the interpretation adopted by the board was fair, just and equitable under the circumstances as well as being logical when viewing the entire problem before it.
The petitioners attack section 17-B-3 quoted above as being an improper delegation by the Town Board of its legislative power. The court does not agree. The afore-mentioned section grants to the board the power to vary or modify the application of any of the regulations or provisions of this Ordinance relating to the use, construction or alteration of buildings or structures * * * and substantial justice done.” (Italics supplied.)
The board made an interpretation of a word in the ordinance which the court does not believe was arbitrary, capricious or an abuse of discretion. The provisions of the Zoning Ordinance were not set aside, in the court’s opinion, as petitioners contend. Also, the guide lines for the application of section 17-B-3 are laid down in that section. The court has read the cases cited by petitioners on this point and notes that said cases all arose from a refusal to grant a permit and not from the granting of same, and the court further believes that section 17-B-3 is not invalid under the rules laid down in the cited cases.
The petitioners also attack the decision of the Board of Zoning Appeals on the further ground that there was no proof of facts upon which a variance could be granted. The migrant camp as established, and existent, antedated the Zoning Ordinance and had legal right to exist by reason thereof. The issue really was, not whether a “variance” should be granted but whether & pre-existing use should be allowed to continue.
*853 The court has read the transcript of testimony given at the hearings and the decision and supplemental decision of the board. The court believes that they set forth sufficiently the reasoning necessary to the decision made by the board.
It believes also that the board’s function on this proceeding is as stated by the Court of Appeals. Chief Judge Desmond, writing for the court, stated: ‘ ‘ that in reviewing board actions as to variances or special exceptions the courts do not make new or substitute judgments but restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion ”. (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 21, 24; Civ. Prac. Act, § 1383 et seq.)
This court can find neither illegality, arbitrary action nor abuse of discretion in the record before it or in the decision of the Board of Zoning Appeals and believes to determine otherwise would not be in conformity to the record before it.
While it may be unfortunate that Mrs. Morrison, wife of respondent, happened to be a member of the board but inasmuch as she disqualified herself from voting and did not participate therein, the court can find no error on this score.
The motion seeks to have the court review and set aside the decision of the Zoning Board of Appeals. Following the reasoning herein set forth and a review of the board’s decision the court must decline to set the same aside and affirmatively hereby approves and affirms the same.
To determine and hold otherwise it would seem to this court that petitioners would be allowed to gain their end and profit unfairly as a result of the respondents’ unfortunate fire loss and thereby deprive respondents of the continuing right to earn a livelihood in the operation of their camp concededly established and a going concern before the adoption of the Zoning Ordinance.